JUDGE WILLIAMS
delivered the opinion op the court:
Appellee being the county judge of Nicholas county, issued a warrant against appellant for a breach of the peace, had him arrested, a jury sworn, evidence heard, and the jury having found him guilty and assessed his fine at $25, appellee gave judgment, notwithstanding appellant objected to his jurisdiction. This is an action of trespass against the county judge for taking jurisdiction of the case and holding appellant in custody.
By chapter 28, article 18, section 1, 1 Stanton’s Revised Statutes, 403, circuit, county, and police judges, and justices *24 of the peace, were given jurisdiction to arrest and try persons for riots, routs, unlawful assemblies, affrays, or breaches of the peace; but afterwards the “criminal jurisdiction of the courts of the State” was defined and regulated by the Criminal Code. Section 10, title 2, subdivision 5, of the section provides that “justices’ courts have jurisdiction concurrent with city or police courts, but exclusive of circuit courts, of prosecutions for offenses where the punishment of a free person is limited to a fine not exceeding $10; and concurrent with the circuit courts in prosecutions where the punishment of a fi’ee person is limited to a fine not exceeding one hundred dollars.” As the punishment for breaches of the peace, &c., was not limited, but left to the sound discretion of the jury, this section might be interpreted as taking away the jurisdiction in such cases, even from the justices of the peace; hence, by an act approved February 9, 1858 (1 Stant. Rev. Stat., 415), it was declared that the jurisdiction given by the Revised Statutes first quoted, to justice's of the peace, was unrepealed by the Criminal Code.
By section 366, Criminal Code, the quarterly courts are declared to “ have appellate jurisdiction over judgments of justices’ courts in their respective counties, where the amount exceeds ten, and is less than fifty dollars.”
The Criminal Code nowhere confers original jurisdiction on circuit or county judges to try breaches of the peace, &c., on their own warrants, but gives to quarterly courts appellate jurisdiction as above, and confers both original and appellate jurisdiction on the circuit courts.
It would seem to be inconsistent with an enlightened system of jurisprudence to give the judge of a court original jurisdiction, and then limit the right of appeal to his own court, where he is sole judge, and make his *25 decision final to a certain amount on the appeal; hence it was deemed proper by the Criminal Code to confer no original jurisdiction to try and adjudicate riots,' routs, breaches of the peace, &c., on the county judge, but to confer upon him appellate jurisdiction in certain cases, and to make his decision final to certain amounts.
It is quite clear, therefore, that, since the adoption of the Criminal Code, that circuit and county judges have no right to try upon their own warrants breaches of the peace. This does not conflict, however, with their rights as conservators of the peace to arrest and put under bonds persons violating law and disturbing the public peace; it only affects their right to try and adjudge against them for such offenses.
As the county judge had not really jurisdiction to try the appellant, he became, technically, a trespasser, and the circuit court erred in sustaining a demurrer to his petition.
This is a legal question of some perplexity, and probably a great majority of the county judges of the State entertain jurisdiction in such cases; still this uncertainty goes only in mitigation of damages, and not to bar the right of action.
If the judge really believed he had jurisdiction, and was only in what he honestly believed the discharge of his duties, this should be considered by the jury in mitigation of damages — as willful, malicious conduct, in taking jurisdiction for the purpose of oppression, should go in the aggravation of damages.
Wherefore, the judgment is reversed, with directions to overrule the demurrer, and for further proceedings in conformity herewith.