JUDGE PETERS
delivered the opinion of the court.
This action was brought by appellee against appellants, and in his petition he alleges that in May, 1872, appellants unlawfully, wrongfully, and against his will imprisoned and confined him in the jail of the county of Jefferson and state of Kentucky for a long space of time — to wit, for -more than twenty-eight hours — to his damage $5,000, and prays judgment for that sum against them.
Appellant Ayars for his defense says that at the time of the transaction complained of he was a justice of the peace in and for the county and state aforesaid, duly commissioned and qualified; that in the month of May, 1872, a proceeding was instituted before him against appellee, in the name of the commonwealth of Kentucky, for failing to work on the public highway in said county; that judgment was rendered against appellee; and he having failed for the space of seventeen days after the rendition of said judgment to pay the same, that he, acting in his official capacity, without malice and according to the best of his judgment, and at the instance and in the name of the commonwealth, issued a capias pro fine against appellee; that said writ was placed in the hands of appellant Hord, a duly qualified constable of said county, to execute; and appellee, having refused to pay said judgment,, was, as appellant was informed, imprisoned for a short time. He denies that said imprisonment was unlawful; and he filed with his answer copies of the proceedings against appellee from the records in’ his court.
Hord filed a separate answer, in which he substantially repeats the statement of Ayars as to the suing out of the warrant in the name of the commonwealth against appellee, the rendition of the judgment, and the issuing of the capias pro fine thereon, directed to any constable of said county, and says the same was placed in his hands, being then a constable for said county duly qualified; and that, acting officially and *204 in good faith, he did, in obedience to the command of said writ, arrest appellee, which' he avers it was his duty to do.
Camp, in his separate answer, avers that he was at the date of said transaction the jailer of Jefferson County, duly elected and qualified as such; that appellee was brought and delivered to him by Plord, a constable of said county, with an order from Ayars, a justice of the peace for said county, to him to take appellee into his custody, etc. The order of commitment is filed as a part of the evidence in the case.
Upon these issues the parties went to trial, which resulted in a joint verdict against all the defendants for two hundred and fifty dollars in damages. And their motion for a new trial having been overruled and a judgment rendered against them for the damages found by the jury, they prosecute this appeal.
There is but one count or paragraph in the petition, and the only wrong therein complained of is the alleged unlawful confinement in the jail of the county of Jefferson for more than twenty-eight hours. Consequently, if appellee received any other injury at the hands of appellants, he has not sought a redress therefor in this action.
On the trial Dravo proved that he was the surveyor of the precinct of the public road in which appellee resided, and that it was in the district of Jefferson County for which appellant Ayars was justice of the peace and Hord was constable; and having determined about the 4th of May, 1872, to work that part of the highway of which he was surveyor, he proceeded to notify the persons in his district subject to such service; and appellee being one of them, he prepared a notice in due form for him and a man named McAndre, both of whom were at the time residing with and laboring for one W. B. Crawford; that he went with a Mr. Cummins to the house of Crawford to serve the notice on Cox and McAndre, and found them eating supper; that so soon as he entered the room they both *205 ran out at the back door, and he then left the notices for them, in which the days he required them to attend and work the road were named. They failed to attend; and the witness stated he went to appellant Ayars, justice of the peace as aforesaid, informed him of the facts, and requested him to issue a warrant against them for their failure to attend and perform the labor required; that the warrant was issued, and he attended at the residence of Esquire Ayars as a witness on the trial of the case against appellee and McAndre, who also were examined as witnesses, and after hearing the evidence judgment was rendered against each of them for four dollars; that Crawford, with whom they both resided, promised to pay the fines, and they all left together.
Hord proved that the trial of appellee was on the 13th of May, 1872; that the justice proposed to continue the case to a subsequent day, but that the defendants both insisted on being tried then, which was assented to, and after the evidence of both parties was heard judgment was rendered against each of the defendants for four dollars; that Crawford, with whom they lived, promised to pay the same, and named a certain day on which he agreed to meet the witness in the city of Louisville and pay him; that he attended at the time and place appointed, but Crawford failed to attend; that he afterward informed Esquire Ayars of his failure to pay the money, and Ayars, on the 30th of May, 1872, issued a capias pro fine, which the witness says he executed by taking the defendants therein named before said justice, who gave him an order for their commitment, and he went with them to the “white cottage,” where they met O. P. Williamson and William Daniels, who offered to pay the fines. McAndre accepted the offer, and he' was discharged; but that Cox declined the offer, and he then, under the mittimus, delivered him to the jailer of Jefferson County. Other evidence was before the jury, which need not be recited.
*206 After having refused quite a number of instructions asked for by both parties the court gave the following: “ That as to all the defendants the law is for the plaintiff, and they must so find; but it is the province of the jury to assess the damages, which they are at liberty to do, against the defendants collectively or separately. In assessing the damages they may take into consideration all' the facts and circumstances proved in the case.”
The propriety of giving, that instruction presents the principal question in the case, and that involves an inquiry into the legal power of the justice to try appellee for a failure to work on the road, and the mode of enforcing the judgment against him.
Section 22, article 1, chapter 84, of the Revised Statutes provides that all male persons over sixteen and under fifty years of age who are able to labor, except ministers of the gospel, shall be assigned to work on some road. • (2 Revised Statutes, p. 290.)
Section 23, article 1, of said chapter, which" provided that persons assigned to work on roads and who failed to attend at the time and place appointed to perform the work required should be subject to a fine of $1.25 per day for each day he failed to attend, was amended by an act approved June 3,1865, which provides that thereafter the fine imposed by said section for a.failure or refusal to attend and labor on the road shall be $2.50 for each day instead of $1.25, to be collected by warrant in the name of the commonwealth. (Myers’s Supp. 415.)
The justice, Ayars, had jurisdiction of the case, and when applied to it was his duty to issue a warrant against appellee, in the name of the commonwealth, to appear before him or some other justice of the peace to answer to the charge, and to render such judgment in the case as the law and the facts authorized; and when judgment is rendered in favor of the commonwealth he may issue a capias pro fine or other final *207 process to enforce it. (Section 15, article 12, chapter 83, Revised Statutes.)
In Revill, Stribling, Foster and Martin v. Pettit (3 Met. 314) this court said, “ The general principle which exempts judicial officers of all grades from answering in a private action for any judgment given in the due course of the administration of justice is well settled. . . . That no action can be supported against any person acting judicially within the limits of his jurisdiction, although he should act illegally or erroneously, unless he has acted from impure and corrupt motives.'” There are then two distinct classes of cases to which this principle of judicial protection does not apply: first, where a person having a special or limited judicial authority doe's any act beyond the scope of his authority; and secondly, where, although acting within the limits of his jurisdiction, he is actuated by malicious or corrupt motives. In either case the judge or magistrate renders himself liable as a trespasser to the party injured.
In this case neither malice nor corruption is alleged or attempted to be proved; and we think it has been demonstrated that the justice has not acted beyond the scope of his authority.
It is true that the order of commitment is not as specific as it should have been, as it failed to state the cause of commitment and the length of time the defendant should be held; but that was a mere error of judgment.
We deem it unnecessary to notice the various instructions asked for by both parties and refused by the court, as the principles herein stated as applicable to the ease will govern in any subsequent trial. The prepepts under which the constable and jailer acted were sufficient to protect them.
Wherefore the judgment is reversed, and the cause is remanded with directions to award a new trial and for further proceedings consistent herewith.