CHAS. BRAMEL *v.* ELIZABETH CLARK.

[Abstract Kentucky Law Reporter, Vol. 6—220.]

**New Trial on Account of Newly Discovered Evidence.**

The discovery of new evidence which is merely cumulative is not ground for a new trial. The newly discovered evidence that will authorize a new trial must be of such clear and convincing character that it will doubtless change the result of the former trial, and which the party could not with reasonable diligence have discovered and produced at the trial.

APPEAL FROM ROBERTSON CHANCERY COURT.

September 11, 1884.

45

OPINION BY JUDGE HOLT:

The appellee, Elizabeth Clark, instituted this action on May 22, 1878, to recover a tract of land she had acquired from her father, Jacob Ashcraft, and which as she claims her husband, Abram Clark, sold, without her consent about forty years before the bringing of this suit. She became discovert by the death of her husband in 1877. It is alleged in the petition that she never conveyed her interest in the land, and this is not denied in the answer; but in an answer filed on November 6, 1878, to an amended petition it is stated that she and her husband conveyed the land by a deed, which was lost and never recorded. The question was therefore in issue whether she had ever united in a sale of the land, the testimony that was taken upon this point consisting mainly of fugitive statements of the appellee.

The appellant also relied upon the long continued adverse possession by him and those through whom he claimed. The appellant filed a petition for a new trial on November 16, 1880, upon the ground of newly discovered evidence, of which, as is shown by the testimony, he had no knowledge until within six months prior to the filing of the petition for a new trial. Its allegations were traversed by an answer. The testimony of the two newly discovered witnesses was taken, they testifying that prior to 1840 the appellee had united with her husband in a sale of the land by signing a writing which was in form a deed and receiving the purchase-money.

The court below dismissed the petition for a new trial on March 23, 1882; and the appellant on December 12, 1882, appealed not only from the judgment last named but also from that of March, 1879. The appeal so far as the last named judgment is concerned has been heretofore dismissed by this court upon the ground that it was not taken in time; so that the sole question now presented is, whether the petition for a new trial should have prevailed.

The newly discovered testimony might perhaps have produced a different result upon the trial of the original action had it then been in the record. If the appellee did in fact unite in a sale of the land more than thirty years before the bringing of the suit, then this fact and the constitutional possession of it for so long a time would under the statute have rendered the plea of limitation

valid, although the writing was never acknowledged by her or recorded, and although she remained covert until December, 1877 (Gen. Stat., ch. 71, art. 1, § 4) ; but this question was passed upon by the lower court by the judgment of March 19, 1879, and there is no appeal pending as to it.

The question whether the appellant had united in a deed or sale of the land was then in issue, and the newly discovered testimony was merely cumulative. Ordinarily the discovery of such testimony does not authorize a new trial; and in our opinion this record does not show any peculiar circumstances in this instance which authorize us to make an exception to this general and well settled rule, which has been established to prevent subornation, fraud or delay. The newly discovered testimony that will authorize a new trial must be of such clear and convincing character that it will doubtless change the result of the former trial, and which the party could not with reasonable diligence have discovered and produced at the trial. In this instance there is no showing of any diligence whatever. There was no effort by the appellant, so far as the record discloses, to learn who was present when the alleged sale was made and writing executed, although his own testimony discloses that he had been informed such a sale had been made; and one, if not both, of the newly discovered witnesses live in the vicinity of the land, and one of them is a brother-in-law of the appellant.

The judgment of March 23, 1882, dismissing appellant's petition for a new trial is *affirmed.*

*A. Duvall B. C. Willis, O. Deming, for appellant.*

*Winfield Buckler, for appellee.*

[Cited, *Adams Oil Co. v. Stout,* 19 Ky. L. 760, 41 S. W. 563; *City of Louisville v. Oberle,* 26 Ky. L. 846, 82 S. W. 626.]