[No. 14618.   Department Two. — June 14, 1892.]

# HELEN DE COURCEY, APPELLANT, v. THOMAS J. COX, RESPONDENT.

FALSE IMPRISONMENT — COMMITMENT FOR REFUSAL TO RETURN MONEY OVERPAID — LIABILITY OF JUSTICE — JUDGMENT ON PLEADINGS. — A complaint in an action against a justice of the peace, which alleges that the plaintiff was arrested upon a warrant issued by the defendant upon a complaint charging the plaintiff with refusing to return a sum of money claimed to have been overpaid her, and further alleging a conviction and the issuance of a committal by the defendant, and her imprisonment thereon, shows that the plaintiff was charged with the commission of an act which did not constitute a crime, and states a cause of action against the defendant for false imprisonment, and a motion for judgment for defendant on the pleadings should be denied.

ID. — COMMITMENT WITHOUT JURISDICTION — CHARGE OF ACT NOT CRIMINAL — TRESPASS. — To justify an inferior magistrate in committing a person, he must have jurisdiction both of the subject-matter of the complaint and of the person of the defendant, and where the defendant is charged with the commission of an act not constituting a crime, a justice of the peace acquires no jurisdiction to proceed in the matter, and if he attempts to enforce any process of commitment in such case, he is answerable to the defendant as a trespasser.

ID. — HONESTY OF PURPOSE NO DEFENSE. — Honesty of purpose, while it may mitigate damages, cannot justify a clear usurpation of power by an inferior magistrate who has no jurisdiction of the subject-matter.

JUDGMENT ON PLEADINGS — DEMURRER — INCONSISTENT RULINGS — IRREGULARITY — REVIEW UPON APPEAL. — The granting of a motion for judgment upon the pleadings, on the ground that the complaint does not state facts sufficient to constitute a cause of action, after the overruling of a demurrer based on that ground, is not a reversible error, but is an irregularity which should be avoided; but where the demurrer was properly overruled, and the motion improperly granted, the judgment will be reversed.

APPEAL from a judgment of the Superior Court of San Diego County.

The facts are stated in the opinion of the court.

*Dobson & Eaker*, for Respondent.

The allegation of imprisonment, coupled with the averment of damages, constitutes a cause of action for false imprisonment. (*Ah Fong* v. *Sternes*, 79 Cal. 32; *Going* v. *Dinwiddie*, 86 Cal. 633.) An action for false imprisonment will lie against a justice of the peace

for extrajudicial acts, or acts beyond its jurisdiction. (*Turpen* v. *Booth,* 56 Cal. 68; 38 Am. Rep. 48; *Sheldon* v. *Hill,* 33 Mich. 171; *Von Kettler* v. *Johnson,* 57 Ill. 109; *Price* v. *Bailey,* 66 Ill. 48; *Outlaw* v. *Davis,* 27 Ill. 467; *Morrill* v. *Thurston,* 46 Vt. 732; *Vaughn* v. *Congdon,* 56 Vt. 111; 48 Am. Rep. 758; *Carleton* v. *Taylor,* 50 Vt. 220.) If the magistrate has no jurisdiction, then he and those who advise and act with him, or execute his process, are trespassers. (*Gorton* v. *Frizzell,* 20 Ill. 291; *Von Kettler* v. *Johnson,* 57 Ill. 114.) There is no defense except in justification; but "process void on its face affords no justification." (*Savacool* v. *Boughton,* 5 Wend. 171.) As the complaint against the plaintiff herein charged no crime, the action of the court in taking jurisdiction thereof was not the performance of a judicial act, but simply the commission of an official wrong, for which no excuse is permissible. (*Grove* v. *Van Duyn,* 44 N. J. L. 660; *Sheldon* v. *Hill,* 33 Mich. 170; *Diehl* v. *Friester,* 37 Ohio St. 473; *Truesdell* v. *Combs,* 33 Ohio St. 186; *Spice & Son* v. *Steinruck,* 14 Ohio St. 220; *Bradley* v. *Fisher,* 13 Wall. 352; *Gelzenleuchter* v. *Niemeyer,* 64 Wis. 316; *Gorton* v. *Frizzell,* 20 Ill. 291; *Von Kettler* v. *Johnson,* 57 Ill. 114; *Bigelow* v. *Stearns,* 19 Johns. 38; 10 Am. Dec. 189; *Reynolds* v. *Orvis,* 7 Cow. 269.)

*E. W. Hendrick,* for Respondent.

Judges of courts of record are exempt from all liability, even when they act in excess of their authority. (*Pickett* v. *Wallace,* 57 Cal. 555; *Turpin* v. *Booth,* 56 Cal. 65; 38 Am. Rep. 48; *Bradley* v. *Fisher,* 13 Wall. 335.) No judicial officer — even of a court of limited jurisdiction — can be held liable for acts done within their jurisdiction. (*Downer* v. *Lent,* 6 Cal. 94; 65 Am. Dec. 489; *Turpen* v. *Booth,* 56 Cal. 69; 38 Am. Rep. 48; *Weaver* v. *Devendorf,* 3 Denio, 120, 121; *Pratt* v. *Gardiner,* 2 Cush. 60; 48 Am. Dec. 652; *Raymond* v. *Bolles,* 11 Cush. 315; *Reid* v. *Hood,* 2 Nott & McC. 168; 10 Am. Dec. 583; *Yates* v. *Lansing,* 9 Johns. 395; 6 Am. Dec. 304; *Stone* v. *Graves,* 8 Mo. 148.) The tendency of modern jurispru-

dence is to extend to judges of inferior courts the same
immunity from liability to a civil action as is given to
judges of courts of record. (Mecham on Offices and
Officers, sec. 632; *Allec* v. *Reece*, 39 Fed. Rep. 341; *Grove*
v. *Van Duyn*, 44 N. J. L. 654, 658, 659; 43 Am. Rep.
412; *McCall* v. *Cohen*, 16 S. C. 445; 42 Am. Rep. 641;
*Henke* v. *McCord*, 55 Iowa, 378; *Burnham* v. *Steven*, 33
N. H. 347; *Downer* v. *Lent*, 6 Cal. 94; 65 Am. Dec. 489;
*Jordan* v. *Hanson*, 49 N. H. 199; 6 Am. Rep. 508; Bishop
on Non-contract Law, sec. 783; *Clark* v. *Holdridge*, 58
Barb. 61; *Bocock* v. *Cochran*, 32 Hun, 521; *Aylesworth* v.
*St. John*, 25 Hun, 156; *Clark* v. *Spicer*, 6 Kan. 440.)
Where the judge is called upon by the facts before him
to decide whether his authority extends over the matter,
such an act is a judicial act; and such officer is not lia-
ble in a suit to a person affected by the decision, whether
such decision be right or wrong. (*Grove* v. *Van Duyn*,
44 N. J. L. 660; *Allec* v. *Reece*, 39 Fed. Rep. 344; *Dusy*
v. *Helm*, 59 Cal. 188; *Rains* v. *Simpson*, 50 Tex. 501;
*Bradley* v. *Fisher*, 13 Wall. 335.) A judge is presumed
to have acted in a lawful exercise of his jurisdiction,
unless the contrary is alleged and proven. (Code Civ.
Proc., sec. 1963, subds. 15, 16; *Fanning* v. *Bohme*, 76 Cal.
152; *Bode* v. *Trimmer*, 82 Cal. 516.)

SHARPSTEIN, J. — The plaintiff brought an action
against the defendant for false imprisonment. The
complaint was demurred to on two grounds, one of
which was, that it did not state facts sufficient to consti-
tute a cause of action. The demurrer was overruled,
and defendant filed his answer to the complaint. After-
wards, defendant gave plaintiff notice of a motion for
judgment in favor of defendant upon the pleadings,
which was granted, and a judgment was entered in favor
of defendant for his costs and disbursements. From
that judgment plaintiff has appealed.

If the complaint stated facts sufficient to constitute a
cause of action, the court undoubtedly erred in granting
defendant's motion for judgment upon the pleadings.

The complaint states that upon a complaint made before defendant, a justice of the peace, charging plaintiff with refusing to return the sum of twenty dollars, alleged to have been overpaid said plaintiff by mistake by the El Cajon Vineyard Company, defendant issued a warrant of arrest, upon which plaintiff was arrested and brought before defendant, and required to and did plead to said charge, and after trial defendant rendered a judgment that plaintiff restore said amount of twenty dollars, or be committed to the county jail for twenty days, and that pursuant to said judgment defendant issued a commitment and placed it in the hands of an officer, who executed it by imprisoning plaintiff in the county jail for the period of three days. Copies of the judgment and the commitment are inserted in the complaint, which recites that defendant proceeded wholly upon a complaint which charged plaintiff with having wrongfully retained money overpaid to her by mistake. Defendant proceeded upon the charge as he might have done had it constituted a crime, which it clearly did not.

More than half a century ago, Spencer, C. J., speaking for the supreme court of the state of New York, said: "I consider it perfectly well settled, that to justify an inferior magistrate in committing a person, he must have jurisdiction, not only of the subject-matter of the complaint, but also of the person of the defendant." (*Bigelow* v. *Stearns,* 19 Johns. 38; 10 Am. Dec. 189.)

"If a magistrate acts beyond the limits of his jurisdiction, his proceedings are deemed to be *coram non judice,* and void; if he attempts to enforce any process founded on any judgment, sentence, or conviction in such case, he thereby becomes a trespasser." (*Piper* v. *Pearson,* 2 Gray, 120; 61 Am. Dec. 438.)

"It is true, that justices of the peace, while acting within the scope of their authority, as well as the judges of the higher courts, are not answerable in a private action for the erroneous exercise of the judicial functions with which they are invested by law. Such protection is essential to the honest and independent administra-

tion of justice. But, on the other hand, it would seem to be well settled that inferior tribunals, invested with special jurisdiction only, and persons clothed with limited authority, such as justices of the peace, must, at their peril, keep within their prescribed jurisdiction; and if they transcend the limits of their authority, they are answerable to any one whose rights are thereby invaded. And honesty of purpose in such a case, while it may mitigate damages, cannot justify a clear usurpation of power." (*Truesdell* v. *Combs,* 33 Ohio St. 186.)

Numerous cases to the same effect might be cited, but it is unnecessary to cite them, so long as we are unadvised of any case in which the doctrine of the cases cited has ever been questioned.

In the case now before us, the complaint shows that no warrant could legally be issued upon the complaint made against the appellant, that she was not convicted or adjudged guilty of any crime. She was charged with the commission of an act which did not constitute a crime, and therefore the defendant never acquired any jurisdiction to proceed in the matter, and the judgment and commitment are void on their faces. These facts appearing in the complaint, coupled with the arrest and imprisonment of appellant, certainly constitute a cause of action, and the court erred in granting the motion for and entering judgment for the defendant upon the pleadings.

We have not overlooked the point made by appellant on the action of the court in granting the motion for judgment on the pleadings on the ground that the complaint did not state facts sufficient to constitute a cause of action, after having overruled a demurrer based on that ground. We think it nothing more serious than an irregularity, which it is better to avoid as far as practicable. All we desire to say on this point is, that we think the demurrer was properly overruled, and the motion for judgment on the pleadings improperly granted.

Judgment reversed and cause remanded, with direc-

tions to the court below to proceed and try the issues raised by the complaint and answer.

DE HAVEN, J., and McFARLAND, J., concurred.

Hearing in Bank denied.