102 68
f103 110

CASE 12—PETITION ORDINARY—OCTOBER 19.

# Glazar v. Hubbard.

APPEAL FROM CALDWELL CIRCUIT COURT.

1. FALSE IMPRISONMENT—ACTS OF JUDICIAL OFFICERS.—A judge can not be made liable when acting in a judicial capacity upon a subject within his jurisdiction for any damages sustained by his conduct unless he act from impure or corrupt motives. But in this case there being no warrant of arrest for the person arrested, and he having been committed to jail without hearing any evidence of his guilt, the judge was acting without jurisdiction of the person, and had no authority to inquire into the matter, much less to commit him to jail without any legal charge against him, or hearing evidence in support of the charge.

2. STATUTORY CONSTRUCTION.—Under the provisions of section 1930 of the Kentucky Statutes, one guilty of a felony anywhere in the United States may be arrested and confined in jail, and delivered over to the proper authorities only when a warrant has been issued by judicial authority upon affidavit of the facts; and he can not be committed to jail by any judicial officer before whom he may appear until satisfied, upon hearing evidence, of his guilt.

HEWLITT & HODGE FOR APPELLANT.

1. To authorize a magistrate under the provisions of section 1930 of the Kentucky Statutes to imprison an alleged fugitive from another state, it must be shown to him by complaint in writing on oath that the crime has been committed in a foreign state, and that the accused stands charged with the commission of the crime and has fled therefrom.

2. No limited judicial officer acting without having acquired jurisdiction is exempt from personal liability in an action for damage by reason of such acts. Botts v. Williams, 17 B. M., 687; A. & E. Enc., vol. 7, page 668 and note 2 on p. 669; A. & E. Enc., vol. 7, p. 664 and note 2; A. & E. Enc., vol. 12, pp. 245 and 246; A. & E. Enc., vol. 12, pp. 311, 406 and notes on 407.

JOHN C. GATES FOR APPELLEE.

1. Basis of all actions against judges or justices for malicious prosecution or false imprisonment is corrupt or improper motives, and it is not only necessary to aver the same in the petition,

but it is also necessary to prove the allegations if traversed by the answer. Hagarman v. Sutherland, 16 Ky. Law Rep., 301.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellant brought this action for false imprisonment, stating in his petition substantially appellee maliciously, wrongfully and without any authority of law, issued a mittimus, directed to and commanding the jailer of Caldwell county to receive appellant into the jail, and keep him safely until discharged by due course of law; and that in virtue of said wrongful order he was put into said jail and there kept until released on a writ of *habeas corpus*, issued by the judge of Caldwell County Court.

Appellee in his answer, after denying he either maliciously, with intent to injure appellant, wrongfully or without authority of law issued the order of commitment, stated that he was at the time police judge of the city of Princeton, and the order in question was made by him in discharge of his duty as such judge, as he believed it to be. As additional defense he stated that one J. T. Coleman, city attorney, advised him it was proper to commit appellant to jail, and being himself ignorant of the law, relied upon and acted according to his advice; that, therefore, appellee is entitled to judgment over against Coleman for any sum plaintiff in the action may recover against him, and to that end his answer was made a cross-petition.

Coleman filed a demurrer to that part of the answer, as did also appellant, and of course both were properly sustained, for it constituted no defense to the action nor cause of cross-action against Coleman, though the latter acted out of the line of his duty and apparently in ignorance of

the relative rights and duties of appellant as a citizen and of appellee as a judicial officer.

As appears from the evidence the only authority the marshal of the city of Princeton had for arresting and bringing appellant in custody before appellee as police judge was the following telegram, purporting to be from E. F. Gibson, Chief of Police of Opelika, Ala.: "September 18, 1894—To Chief of Police, Princeton, Ky.—Arrest Ben Glazar, and wire me." And appellant was committed to jail by order of appellee, acting as police judge, with no other warrant than that telegram, and without any evidence whatever showing or tending to show him guilty of offense against the law of either Alabama or Kentucky. Yet the lower court instructed the jury trying the case in substance that appellant was entitled to no reparation unless appellee, in depriving him of his liberty, acted without honest conviction of duty and with corrupt and improper motives. And as there was no evidence showing appellee acted corruptly or with bad motive, of course the verdict had to be and was for him.

As early as the case of Gregory v. Brown, 4 Bibb, 28, decided in 1815, this court held that when a magistrate acts judicially upon a subject within his jurisdiction, though he should act illegally or erroneously, he can not be made liable for any damages sustained by his conduct unless he acted from impure or corrupt motives. And the rule has been extended and applied in the case of even an officer of election who may be required to act judicially in determining the qualification of a person offering to vote. But in all the cases it has been distinctly made a condition of immuni-

ty of judicial officers from damage for wrong and injury done by his decision or act, that such decision be rendered or act done within his jurisdiction of the subject-matter or of the person affected.  As said in Cooley on Torts, 416, "every judicial officer, whether the grade be high or low, must take care before acting to inform himself whether the circumstances justify his exercise of the judicial function. A judge is not such at all times and for all purposes.  When he acts, he must be clothed with jurisdiction, and acting without this, he is but the individual assuming an authority he does not possess."  Further, on page 420, he says: "The rule of law which compels him to keep within his jurisdiction at his peril can not be unjust to him because, by declining to exercise any questionable authority, he can always keep within safe bounds, and will violate no duty in doing so."

In this case the marshal had no warrant of any kind to arrest appellant.  It was too plain for a person having any knowledge of the duties of the office of police judge, that appellee, as such, had no jurisdiction whatever of the person of appellant, or authority to inquire in regard to the matter, much less to commit him to jail without any legal charge against him or evidence in support of a charge.

Kentucky Statutes, section 1930, authorizes arrest and confinement in jail, and delivery over to the proper authority of a person guilty of a felony anywhere in the United States, if found in this State, only when a warrant has been issued by judicial authority upon affidavit of the facts. - But he can not be committed to jail by any judicial officer before whom he may be brought until satisfied upon hearing evidence of his guilt.

In this case no warrant was issued at all, nor was it at the time appellant was committed to jail, or subsequently, made to appear he was guilty of a felony. As, therefore, appellee acted without legal power and consequently without jurisdiction, he is liable to appellant, though the motives actuating him may not have been improper or corrupt, and it was error for the lower court to so instruct the jury.

The judgment is reversed and cause remanded for a new trial consistent with this opinion.