# RICHARDSON v. CAPWELL et al.

No. 3222.   Decided December 27, 1918.   (176 Pac. 205.)

1.  FALSE IMPRISONMENT—ACTIONS—BURDEN OF PROOF.  When plain-
tiff by his own evidence shows that he was detained or re-
strained as the result of judicial proceedings and by the issu-
ance and execution of a warrant, or other legal process, he must
to make out a prima facie case of false imprisonment show
something more than mere imprisonment.[1]

2.  FALSE IMPRISONMENT—ACTIONS—EVIDENCE.  In an action for
false imprisonment, evidence held sufficient to establish that
the defendants were, respectively, a justice of the peace and
marshal for and within the town wherein plaintiff was im-
prisoned.

3.  CRIMINAL LAW—JURISDICTION—INTOXICATING LIQUORS.  A jus-
tice of the peace appointed by trustees of a town under Laws
1915, c. 71, providing that such justice should have the powers
provided by law for other justices, not only had jurisdiction
under Comp. Laws 1907, sec. 303, of prosecutions for violation
of ordinances relating to the sale of intoxicating liquor, but
had jurisdiction generally of such prosecutions under the state
law.

4.  FALSE IMPRISONMENT—LIABILITY—EFFECT OF WARRANT.  Where
a marshal acted without malice and in good faith under a war-
rant issued by justice of peace which was regular on its face
and did not show want of jurisdiction in the justice issuing it,
the marshal is not liable in damages in an action for false
imprisonment because the justice exceeded his jurisdiction.

5.  FALSE IMPRISONMENT—LIABILITY—JUSTICE OF THE PEACE.
Though an ordinance under which a justice of the peace sen-
tenced plaintiff to imprisonment was void, yet where the jus-
tice had general jurisdiction of that class of offenses, etc.,
held, that the justice is not liable to an action for false impris-
onment.

6.  JUSTICES OF THE PEACE—LIABILITY—IMPRISONMENT—UNSANITARY
JAIL.  A justice of the peace, who sentenced plaintiff to im-
prisonment, is not responsible for the unsanitary condition of

[1] Smith v. Clark, 37 Utah, 127, 106 Pac. 658, 26 L. R. A. (N. S.)
953, Ann. Cas. 1912B, 1366.

the jail, etc., it appearing that the marshal who executed the warrant was keeper of the jail, and that the justice was in no way responsible for or connected with the imprisonment after trial and conviction.

7. PRISONS—OFFICERS—RESPONSIBILITY. Where a town marshal was keeper of the town jail, and as such was supposed to furnish food for prisoners, as well as to keep the building warm and sanitary, a prisoner may recover against the marshal for failure to discharge such duty while he was incarcerated.

Appeal from District Court, First District, Box Elder County; *J. D. Call,* Judge.

Action by Howard Richardson against William H. Capwell and D. W. Jenkins. From a judgment for plaintiff, defendants appeal.

REVERSED, with directions to dismiss the action as against the defendant Capwell and to grant a new trial as to defendant Jenkins.

*A. D. McGuire,* of Tremonton, and *LeRoy B. Young,* of Brigham City, for appellants.

*Chez & Stine* and *John C. Davis,* both of Ogden, for respondent.

GIDEON, J.

Plaintiff instituted this action to recover damages for false imprisonment. It is alleged that plaintiff was imprisoned by defendants Capwell and Jenkins in the town jail at Tremonton, Box Elder County, Utah, from September 9, 1916, to and including December 5, 1916, and in the county jail of said county at Brigham City from the latter date until January 15, 1917, and that said imprisonment was against the will of plaintiff and without his consent. There are other allegations in the complaint as to neglect and cruel treatment during incarceration; but, in view of the disposi-

tion to be made of the case, those allegations are not material here.

Defendants admitted the imprisonment, but denied the allegations as to cruel treatment and neglect, and, as an affirmative defense, alleged that at the times mentioned in the complaint defendant Capwell was the regular qualified and acting justice of the peace in and for the town of Tremonton, and that the defendant Jenkins was the town marshal of said town; that the imprisonment of the plaintiff was by reason of the arrest and conviction of said plaintiff under a town ordinance of said town and after trial and conviction had before the defendant Capwell.

Plaintiff, replying to the affirmative allegations of the answer, denied that Capwell was justice of the peace, and also denied that Jenkins was marshal of said town.

At the time of the acts complained of, town trustees were authorized by general statutory law to prohibit by ordinance or to regulate by license the sale of intoxicating liquors in towns where the qualified electors had voted in favor of such sale. By chapter 71, Laws Utah 1915, town trustees were authorized to appoint certain town officers, including a town marshal and a justice of the peace. Said chapter also provided:

"That the said justice of the peace shall have and exercise all of the powers which are provided by law for other justices of the peace."

Comp. Laws 1907, § 303, delegates authority to town trustees to "enforce obedience to the ordinances of the town" and to provide penalties for breaches of such ordinances "to be prosecuted before the justice of the peace of the precinct in which such town may be situated," subject to the provision:

"That the fine or penalty for any offense shall be less than $100, and the imprisonment shall not exceed three months."

The ordinance in question, which was introduced in evidence by the defense, made it a misdemeanor for any one to sell, exchange, barter, dispense, serve, give away, or keep for sale, any intoxicating liquors. It further provided that any one violating the provisions of the ordinance should be

guilty of a misdemeanor, and, upon conviction, punished by a fine of not less than $50 nor more than $299, or by imprisonment of not less than 30 days nor more than six months; or by both such fine and imprisonment. The ordinance further provided that any "natural person" convicted a second time of a violation of the provisions of the ordinance should be punished for such second and each subsequent offense by both fine and imprisonment. The validity of that ordinance is assailed on the ground that the town trustees had no authority to provide a penalty in excess of a $100 fine or imprisonment exceeding three months.

Both sides to this controversy concede that the ordinance is invalid, and we shall assume that it is. It may also be stated as established beyond all cavil that both the justice and the marshal acted without malice and upon the theory and honest belief that the ordinance under which the conviction of plaintiff was had was valid.

In its sixth instruction, the court told the jury that the ordinance in question was null and void and of no force or effect; that the judgment entered by defendant Capwell against plaintiff to pay a fine of $250, or, in lieu thereof, be imprisoned in the Tremonton jail five months, was void; that such conviction was no bar to plaintiff's recovery against defendants in this case; and that defendants are liable to plaintiff "for some amount of damages to be determined by you as will hereinafter be more fully explained." The giving of that instruction, together with the giving of the eighth instruction, which, in effect, is that the actual damages sustained by plaintiff could not be mitigated or reduced by evidence of the good faith of defendants and absence of malice, are assigned as error and made the basis for the contention that the judgment of the district court should be reversed. It will thus be seen that the question presented for determination is whether or not a justice of the peace acting under a town ordinance admitted to be invalid, where such action is without malice and in good faith, and under the honest belief at the time that such ordinance was valid, and where the offense is within the general jurisdiction of such justice, is liable to an action for false imprisonment.

The theory of plaintiff, as it appears from the record, is that when it was shown that he had been imprisoned, and that such imprisonment was caused or brought about by the acts of defendants he had made out a prima facie case, and it was then incumbent upon the defendants to justify such imprisonment.

The proof submitted upon the part of plaintiff affirmatively showed that he had been deprived of his liberty and imprisoned by reason of, or under, some judicial proceeding. On cross-examination he admitted that he had been before the court; that he was in jail because of a conviction under a charge of selling intoxicating liquor. No proof was introduced on his part to show that such imprisonment was illegal, and the case, as stated above, was tried upon the theory that—

"Every imprisonment of a man is prima facie a trespass, and in an action to recover damages therefor, if the imprisonment is proved or admitted, the burden of justifying it is on the defendants participating therein."

That theory may apply under certain facts; but it is not applicable here, because the plaintiff's own testimony shows that he was confined under and by authority of some judicial proceeding. Such has been held by this court. In *Smith* v. *Clark et al.*, 37 Utah, at page 127, 106 Pac. 658, 26 L. R. A. (N. S.) 953, Ann. Cas. 1912B 1366, Mr. Chief Justice Straup, speaking for the court, said:

"When, however, the plaintiff by his own evidence shows that he was detained or imprisoned as the result of judicial proceedings, and by the issuance and execution of a warrant, or other legal process issued thereon, he is required, in order to make a prima facie case of false imprisonment, to show something more than a mere detention or imprisonment."

However, in the case at bar no motion for nonsuit was made, and we are therefore called upon to determine whether in this action, under all the facts shown, the court erred in the instructions hereinbefore mentioned.

There is some contention on the part of respondent that there is no proof in the record that appellant Capwell was the justice of the peace of Tremonton, or that appellant

Jenkins was marshal. While it is true that there was no official record of either of their appointments introduced in evidence, it nevertheless appears all through the record that they were such officers. The defendant Capwell was permitted to testify without objection that he held the office of justice of the peace of Tremonton at the time. It is also stipulated in the record that what was done by Capwell was done as such justice and under the ordinance in question. There was ample testimony to prove the official status of both defendants at all times here in question.

That Capwell, as justice of the peace, had jurisdiction of the subject-matter of the offense alleged against plaintiff in the criminal proceedings, is not seriously controverted. Nor could it well be, for the ordinance, as well as the state law, made the selling of intoxicating liquors a misdemeanor. As we have seen, the statute providing for the appointment of a justice of the peace by town trustees also provides that such justice ''shall have and exercise all of the powers which are provided by law for other justices of the peace.'' Therefore defendant Capwell, as justice of the peace, had jurisdiction of the subject-matter involved in the offense charged in the complaint, and of necessity had jurisdiction of the person of the defendant (plaintiff here) after his arrest. The trend of modern decisions is to depart from the older cases holding inferior tribunals liable for any trespass due to erroneous judgment or the mistaken exercise of jurisdiction beyond that given them by the law creating such tribunals, and is to the effect that when such court has jurisdiction of the subject-matter of the offense it will be protected against any error of judgment of any judicial act on its part. That rule has always been extended to courts of general jurisdiction, and the injustice resulting from applying a different rule to inferior courts respecting their judicial acts has been so often stated in recent decisions that no good purpose could be subserved by a restatement of such reasons in this opinion. The Supreme Court of Iowa

has, in a recent case, stated the trend of modern authorities in the following language:

"The current of legal thought is that the distinction (between courts of general jurisdiction and inferior tribunals) is unreasonable, unjust, illogical, and ought not to obtain." *Thompson* v. *Jackson*, 93 Iowa, 376, 61 N. W. 1007, 27 L. R. A. 92.

Plaintiff's counsel, in his argument, recognizes the rule that the justice of the peace would not be liable for damages ig he had jurisdiction of the subject-matter, and therefore contends that by reason of the ordinance being admitted to be void the justice did not have, and could not have, jurisdiction of the subject-matter of the offense; that when it is admitted that the ordinance is void there was nothing in existence by which that court could obtain jurisdiction. In other words, that there was no ordinance prohibiting the sale of or dealing in intoxicating liquors, hence there was no offense. The statute prescribing the powers and jurisdiction of the defendant Capwell as justice of the peace of the town of Tremonton made such jurisdiction co-ordinate with the jurisdiction of other justices of the peace, and, as the sale of liquor was prohibited by state law, defendant would of necessity have general jurisdiction over the subject-matter of the offense, irrespective of the ordinance.

That the defendant Jenkins, in imprisoning the plaintiff, acted without malice and in good faith under a warrant issued to him by the justice, his codefendant, is not disputed. That that warrant was regular upon its face and did not show want of jurisdiction in the justice issuing it 'is clear. Under such circumstances, that defendant would be protected in the imprisonment of plaintiff.

It is contended on the part of respondent that the foregoing conclusions are in conflict with the opinion in *De Courcey* v. *Cox*, 94 Cal. 665, 30 Pac. 95; but an examination of that case will show to the contrary. In that case the facts stated in the complaint upon which the warrant of arrest was issued constituted no defense known to the law. Therefore the court could have no jurisdiction over the subject-matter. That is, there was no subject-matter, that, within

itself, constituted an offense, and any arrest made was void because there was no subject-matter over which the court could or did have jurisdiction.   To the same effect is the dictum of this court in *Smith* v. *Clark, et al.,* supra.   See, also, *Truesdell* v. *Combs,* 33 Ohio St. 186; *Glazar* v. *Hubbard,* 102 Ky. 68, 42 S. W. 1114, 39 L. R. A. 210, 80 Am. St. Rep. 340; *Broom* v. *Douglas,* 175 Ala. 268, 57 South. 860, 44 L. R. A. (N. S.) 164, Ann. Cas. 1914C, 1155; *Bohri* v. *Barnett,* 144 Fed. 389, 75 C. C. A. 327; *Henke* v. *McCord,* 55 Iowa, 378, 7 N. W. 623.

The law upon this point is clearly stated in *Bohri* v. *Barnett,* 144 Fed., at page 390, 75 C. C. A. 327, founded upon the opinion of the Supreme Court in *Bradley* v. *Fisher,* 13 Wall. 351, 20 L. Ed. 646, in the following language:

"A distinction exists between excess of jurisdiction and the absence of jurisdiction.   Where there is no jurisdiction over the subject-matter and authority exercised is usurped, no excuse is permissible.   If a judge of the criminal court having jurisdiction over offenses committed in a certain district holds a particular act to be a public offense which the law does not make an offense, and proceeds to arrest, try and sentence a person charged with such act, no liability for such acts attaches to the judge, though he exceeds his jurisdiction, for these are particulars for his consideration whenever his general jurisdiction over the subject-matter is invoked."

In *Brooks* v. *Mangan,* 86 Mich. 576, 49 N. W. 633, 23 Am. St. Rep. 137, it is held that a justice of the peace is not liable for imprisonment under a void ordinance and which is void by reason of its unreasonableness and beyond the power of the city council to enact.   See, also the following well-considered cases, to the same effect: *Austin* v. *Vrooman,* 128 N. Y. 229, 28 N. E. 477, 14 L. R. A. 138; *Thompson* v. *Jackson,* 93 Iowa, 376, 61 N. W. 1007, 27 L. R. A. 92; *Rush v. Buckley,* 100 Me. 322, 61 Atl. 774, 70 L. R. A. 464, 4 Ann. Cas. 318.   Also, 11 R. C. L. p. 814.

There are allegations in the complaint that during the time of plaintiff's imprisonment he was given insufficient nourishment, was exposed to the cold, and was put in an unsanitary and filthy prison.   There was also testimony offered

by plaintiff in support of those allegations. However, no instructions were given to the jury respecting the liability of either of the defendants upon that ground, and while, in the very nature of things, the defendant Capwell cannot be charged with any negligence in that regard as it affirmatively appears that he was in no way responsible for or connected with the imprisonment after the trial and conviction, still it does appear that the defendant Jenkins as town marshal was the keeper of the town jail and was supposed to furnish food for the prisoners as well as to keep the building warm and sanit ry. If plaintiff desires, he is entitled to have the ques :on as to damages, if any, he may have sustained in these 1 articulars, submitted to the jury; but, as to the liability of the defendants by reason of their official acts in the arrest, conviction, and imprisonment, we are compelled to hold both in principle and by the trend of recent and more modern authority they are not liable under the facts as they appear in this record.          **6, 7**

It may be contended that the conclusions reached will result in injustice to the plaintiff; that he has suffered an injury by the defendants acting in excess to their authority without being given the right of redress. Conceding such to be the result, does not sound public policy demand that all judicial officers shall feel free to exercise their duties fearlessly and without the dread or fear of a damage suit for false imprisonment for any mistake of judgment that may be made by them in an effort to see that the laws of the state and municipality are respected and obeyed? And does not such policy demand that that be the rule even though individuals may suffer loss or injury? That seems to be the conclusions of all recent well-considered cases. It is a matter not only of common knowledge, but a matter of affirmative statutory law in this state, that the compensation allowed justices of the peace is triflingly small, and add to that the liability of being mulcted in damages for every honest mistake of judgment in determining the limitations of their powers might result in making it difficult,

if not impossible, to obtain the services of reliable citizens to discharge the duties of such offices.

As it conclusively appears that the defendant Capwell cannot, under any theory, become liable, the judgment is reversed, with directions to the district court to dismiss the action against defendant Capwell and to grant a new trial as to the defendant Jenkins. Appellants to recover costs.

FRICK, C. J., and CORFMAN and THURMAN, JJ., concur.

McCARTY, J., died after the submission of this cause and before the filing of this opinion.

[Reporter's Note. The foregoing case was inadvertently omitted from Vol. 52.]