## Ketcham v. Manning, Judge.

(Decided January 12, 1926.)

## Petition for Writ of Prohibition.

1. Prohibition—Court of Appeals May Issue Writ of Prohibition to Prevent Enforcement of Judgment for Contempt by Trial Court Acting Without Jurisdiction.—Under Constitution, section 110, Court of Appeals has power to issue writ of prohibition to prevent enforcement of judgment imposed by trial court sentencing petitioner for contempt of court, after refusal to answer questions which court was without jurisdiction to propound.

2. Contempt—Court Does Not Have Jurisdiction to Propound Question to Bystander Concerning Violations of Law.—Trial court, in propounding question to bystander concerning violations of law in county of which he might have knowledge, was acting without his jurisdiction.

3. Appeal and Error—Powers of Neither Court nor Judge Thereof are Involved in Appeal Wherein Court was Without Jurisdiction.—Where court is without jurisdiction of subject-matter, powers of neither court nor judge thereof are involved in appeal, since such powers are of necessity nonexistent, separate, and apart from such jurisdiction.

J. A. EDGE and LEWIS & LEWIS for plaintiff.

MURRAY L. BROWN, F. M. FORD and H. C. FAULKNER for defendant.

OPINION OF THE COURT BY CHIEF JUSTICE CLARKE—Granting writ of prohibition.

On the 7th day of March, 1924, and during a regular session of the Laurel circuit court, L. M. Ketcham, a bystander, was called before the judge of the court and sworn to testify concerning violations of the law in the county of which he might have knowledge. Declining to answer a question thus propounded to him he was adjudged guilty of contempt and his punishment fixed at 30 hours' confinement in jail, which is the limit of imprisonment that may be imposed for contempt without the intervention of a jury. Section 1291, Kentucky Statutes. Within a very short time the same question was propounded to him some forty odd times with like results, so that a total imprisonment of about 50 days was imposed upon him for his repeated refusals to answer a single question. In addition, a rule was issued against him to show cause, if any he could, why he should not be

tried and punished by a jury for contempt because of such refusal. Later in the day he was so tried, found guilty and his punishment fixed at a fine of $500.00 and 30 hours in jail.

From that judgment he prosecuted an appeal to this court, with the result that the judgment was reversed and the cause remanded with directions to quash the rule issued against him. Ketcham v. Commonwealth, 204 Ky. 169, 263 S. W. 725.

By this action instituted in this court Ketcham seeks a writ of prohibition to prevent enforcement of the judgments imposed by the court without the intervention of a jury and which, being for imprisonment of 30 hours each, are not within the appellate jurisdiction of this court. But power to issue the writ here sought is conferred upon this court by section 110 of the Constitution, as is conceded, if as claimed by the petitioner but denied by respondent, the circuit judge was acting without jurisdiction in propounding the question which Ketcham declined to answer.

Hence this latter question is the only one presented for decision; and that is concluded by the opinion in Ketcham's appeal, *supra*, where a detailed statement of the circumstances may be found, since we there held that the judge of the Laurel circuit court did not have authority to propound the question and demand its answer, which was the basis alike of that and these judgments for contempt.

Much evidence has been produced by respondent to show that he was possessed of information furnishing reasonable grounds for belief that Ketcham was engaged in an effort to prevent the grand jury then in session from obtaining information of possible violations of law by members of the Ku Klux Klan with which he was identified. In this we may concede that respondent has been successful. We also may concede that such activities if properly established would convict Ketcham not only of the offense of obstructing justice but of a criminal contempt as well. And no doubt it is true that ordinarily one court cannot judge of the contempt committed against another, and that each court has exclusive jurisdiction to judge of contempts to its authority.

But none of these questions of law or fact argued and relied upon by respondent to sustain his action is here involved.

The court by these proceedings did not attempt or pretend to try or punish Ketcham for any of his outside activities referred to in this evidence, but only for his refusal to answer questions in court. Hence, as already stated, the sole question now before us is whether or not the judge in propounding the questions was acting within his jurisdiction, which is the precise question that was answered in the negative in Ketcham's appeal, *supra*. Being without jurisdiction of the subject matter it necessarily follows that the powers of neither the court nor the judge thereof are involved, since such powers are of necessity nonexistent, separate and apart from such jurisdiction.

It is therefore adjudged that each of the judgments entered against the petitioner and herein complained of is invalid and the temporary writ of prohibition issued herein preventing their enforcement is made permanent.