## MANNING v. KETCHAM.
### No. 5858.

Circuit Court of Appeals, Sixth Circuit.

May 13, 1932.

W. E. Faulkner, of Hazard, Ky. (Martin T. Kelly, of Pineville, Ky., H. C. Faulkner, of Hazard, Ky., and T. D. Tinsley, of Ashland, Ky., on the brief), for appellant.

J. A. Edge, of Lexington, Ky. (Paul S. Etheridge, of Atlanta, Ga., on the brief), for appellee.

Before HICKS and HICKENLOOPER, Circuit Judges, and TUTTLE, District Judge.

HICKS, Circuit Judge.

This is an appeal from a judgment of the District Court against appellant for false imprisonment. During 1924, appellant was Circuit Judge of the Twenty-Seventh judicial district of Kentucky. This district included Laurel county, of which London was the county seat.

On March 7, 1924, the court was in regular session at London with appellant presiding. As appellee was leaving the courtroom appellant called to him and directed him to return and occupy the witness chair. Appellee obeyed; whereupon appellant ordered appellee to be sworn as a witness and propounded certain questions to him from the bench. Appellant asked him if he knew the names of the members of an organization suspected of violations of law and breaches of the peace in Laurel county. Appellee replied that he knew some of them, but upon being asked to disclose their identity declined to do so. Appellant then adjudged appellee to be in contempt, and for punishment ordered that he be confined in jail for thirty days.

A similar occurrence took place once again upon the same date; once upon March 8th; once upon March 10th; and thirty-nine times in succession upon March 11th. On March 10th appellant also issued an order directing appellee to show cause why he should not be tried and punished by a jury for his contempt. Appellee was tried, the jury disagreed, and he was tried before another jury upon the following day. In his instructions to the jury appellant explained that appellee had admitted that he was a field worker for the organization in question; that he had confessed that he knew at least some of the members thereof; that certain threatening letters purporting to come from members had been received by various persons, the court among others, and that certain breaches of the peace thought to have been committed by members of the organization had occurred one night in and about London; that a grand jury investigation which the court had ordered had failed; that the court had therefore undertaken to conduct an investigation of its own motion; that in the course of such investigation appellant had been asked and had declined to answer the questions indicated above. Appellant then instructed the jury that appellee was guilty of contempt and directed it to so find and to fix the punishment therefor. The jury without having heard any evidence found accordingly, assessed a fine of $500 against appellee, and fixed his imprisonment in jail at thirty days.

Upon the various judgments against him, appellee was confined in jail about seventeen days. He then appealed to the Court of Appeals of Kentucky from the judgment upon the verdict of the jury and also sought a writ of prohibition to prevent the enforcement of

the judgments imposed by the court without a jury. Appellee was successful. In each case the Court of Appeals, the highest court of the state, adjudged that appellant was acting without his jurisdiction; that he was authorized neither to conduct an inquiry of the character in question nor to propound to appellee the questions which he had declined to answer and which were the basis of the contempt proceedings. See Ketcham v. Commonwealth, 204 Ky. 168, 175, 263 S. W. 725; Ketcham v. Manning, Judge, 212 Ky. 325, 327, 279 S. W. 344.

■ In determining the extent of the jurisdiction of its own courts, we will of course follow the decisions of the Court of Appeals of Kentucky. Forsyth v. Hammond, 166 U. S. 506, 518, 17 S. Ct. 665, 41 L. Ed. 1095; Freeport Water Co. v. Freeport City, 180 U. S. 587, 595, 21 S. Ct. 493, 45 L. Ed. 679; Collins v. Johnston, 237 U. S. 502, 508, 35 S. Ct. 649, 59 L. Ed. 1071; Huston v. Big Ben Land Co., 1 F.(2d) 93, 94, C. C. A. 9; Barnett v. Kunkel, 259 F. 394, 400, C. C. A. 8.

■■ An affirmance results. When a judge acts in the clear absence of all jurisdiction, i. e., of authority to act officially over the subject-matter in hand, the proceeding is coram non judice. In such a case the judge has lost his judicial function, has become a mere private person, and is liable as a trespasser for the damages resulting from his unauthorized acts. Such has been the law from the days of the case of The Marshalsea, 10 Coke 68. It was recognized as such in Bradley v. Fisher, 13 Wall. (80 U. S.) 335, 351, 20 L. Ed. 646. In State ex rel. Egan v. Wolever, 127 Ind. 306, 26 N. E. 762, 763, the court said: "The converse statement of it is also ancient. Where there is no jurisdiction at all there is no judge; the proceeding is as nothing."

In Rammage v. Kendall, 168 Ky. 26, 31, 181 S. W. 631, 634, L. R. A. 1916C, 1295, the Court of Appeals said: "There is a general principle of universal application to all grades of judicial officers that a judge who is proceeding within the scope of his jurisdiction is not liable in an action for damages for the opinion he may deliver as such judge, nor for any rule or action he may take for the conduct of the business of this court. This principle, however, does not extend to make a judicial officer immune from damages for illegal acts which result in injuries to others or deprive them of their legal rights, when his acts are without the scope and limits of his jurisdiction. It follows that, if his illegal acts are without the scope and limits of his jurisdiction, he is liable, if damages result to others from such acts, whether he is actuated by malice, corrupt and impure motives or not. In the last state of case the fact that his motives are impure and bad are considered only as aggravating the damages. When the judge acts illegally without the limits of his jurisdiction, he becomes a trespasser, and is liable in damages as such. Morgan v. Dudley, 18 B. Mon. 693, 68 Am. Dec. 735; Revill v. Pettit, 3 Metc. 314; Kennedy v. Terrill, Hardin, 491; Ayars v. Cox, 10 Bush, 207; Hollon v. Lilly, 100 Ky. 559, 38 S. W. 878, 18 Ky. Law Rep. 968; Pepper v. Mayes, etc., 81 Ky. 674; Ely v. Thompson, 3 A. K. Marsh. 70; Gregory v. Brown, 4 Bibb, 28, 7 Am. Dec. 731; Tabb v. Mudd, 6 Ky. Law Rep. 220; Reed v. Taylor, 78 S. W. 892, 25 Ky. Law Rep. 1793; Stephens v. Wilson, 115 Ky. 27, 72 S. W. 336, 24 Ky. Law Rep. 1832; Scott v. West, 1 Bush, 23; Blincoe v. Head, 103 Ky. 106, 44 S. W. 374, 19 Ky. Law Rep. 1742; Glazar v. Hubbard, 102 Ky. 68, 42 S. W. 1114, 19 Ky. Law Rep. 1025, 39 L. R. A. 210, 80 Am. St. Rep. 340; McBurnie v. Sullivan, 152 Ky. 686, 153 S. W. 945, 44 L. R. A. (N. S.) 186."

See, also, King v. Cawood, 223 Ky. 291, 293, 3 S.W.(2d) 616; O'Connell v. Mason, 132 F. 245, 246, C. C. A. 1; Cooley on Torts (4th Ed.) vol. 2, § 315; Thompson's Commentaries on Negligence (2d Ed.) vol. 5, § 6391; Bigelow on Torts (7th Ed.) part 2, Ch. 9, § 424; Hilliard on Torts, vol. 2, Ch. 19, p. 326.

■ Honesty of purpose and sincere belief that appellant was acting in the discharge of his official duty under his oath of office and for the public welfare is not available as a defense further than in mitigation of damages. See Glazar v. Hubbard, 102 Ky. 68, 69, 42 S. W. 1114, 39 L. R. A. 210, 80 Am. St. Rep. 340; Prell v. McDonald, 7 Kan. 266, 283, 12 Am. Rep. 423; DeCourcey v. Cox, 94 Cal. 665, 669, 30 P. 95; Truesdell v. Combs, 33 Ohio St. 186, 194.

Judgment affirmed.