## Ex Parte Summerville.

### Trespass Against Justice of Peace and His Official Bond.

(Decided May 2, 1914. Rehearing denied July 2, 1914. 65 South. 779.)

ORIGINAL petition in the Supreme Court.

Petition by Amanda Summerville for certiorari to the Court of Appeals to review and revise the decision of that court reversing and remanding the cause of *Duffin, et al. v. Summerville,* 9 Ala. App. 573; 63 South. 816. Certiorari denied.

HORACE C. WILKINSON and HARSH & FITTS, for appellant. Counsel make the same contention and cite the same authority as cited by them in 9 Ala. App. 577.

ARTHUR L. BROWN and W. P. MCCROSSIN, for appellee. Certiorari should be denied on the authority of the opinion and authorities cited in 9 Ala. App. 577.

MAYFIELD, J.—The majority of the court are of the opinion that the judgment and decision of the Court of Appeals in this case is correct. This results in a denial of the petition for certiorari and an affirmance of the judgment of the Court of Appeals.

The writer, however, is of the opinion that the judgment and decision of the Court of Appeals is erroneous, and should be corrected by this court, for the following reasons: Appellant sued appellee Duffin as a justice of the peace, and his official bondsmen. The action was covenant, for breach of the official bond of the justice of the peace. The breach alleged was in wrongfully entering up a judgment by consent against the plaintiff. The breach is alleged in the following language:

"Plaintiff avers said bond was breached in this: On, to wit, the 16th day of December, 1910, P. J. Duffin, as justice of the peace, entered a judgment against plaintiff and one Will Summerville for certain personal property and damages for its detention and costs of court, in a suit then pending before him as such, said judgment purporting to have been consented to by plaintiff and said Will Summerville, and on, to wit, the 24th day of December, 1910, said Duffin issued or caused a writ of seizure for said property to be issued. Plaintiff avers that she never consented to the rendition of said judgment, or authorized any one to consent to its rendition for her; that she never appeared before the said P. J. Duffin or authorized any one to appear before him for her," etc.

Demurrers were interposed to the complaint, but were overruled by the circuit court. The trial resulted in a judgment for the plaintiff. The defendant appealed to the Court of Appeals, and the judgment of the circuit court was there reversed, solely upon the ground that counts 6 and 7 were defective and subject to the demurrer interposed, and that the circuit court erred in overruling the demurrer thereto. From the judgment of reversal in the Court of Appeals, plaintiff in the circuit court (appellee in the Court of Appeals) applies to this court for the writ of certiorari to set aside the judgment of reversal in the Court of Appeals.

[Ex Parte Summerville.]

I am of the opinion that the judgment of reversal in the Court of Appeals was erroneous, and that the ruling and judgment of the trial court, overruling the demurrer to counts 6 and 7, was correct; that each of these counts stated a good cause of action, and was not subject to the demurrer interposed. The ruling of the Court of Appeals was that, construing the complaint most strongly against the pleader, the counts were each susceptible of the construction that the defendant in the justice court was served with process, and failed to appear, and that judgment could properly have been rendered against her by default, and that, therefore, the only wrongful act, on the part of the justice of the peace, shown by the counts, was the entering up of a judgment by consent, when it should and could have been, by default; that this was a mere judicial error, or error of judgment, for which neither the justice nor his official bondsmen were civilly liable under our statutes and laws on the subject. The ruling of the Court of Appeals was to the effect that, in order for the counts to be good against the demurrer, they should have negatived service upon the defendant in the justice court, and thereby showed want of jurisdiction or authority in the justice to render any judgment against the defendant—either one, by default, or the one that was rendered by consent. In this ruling I think there was manifest error. There was no complaint for wrongfully entering a judgment by default; the complaint was for wrongfully entering a judgment by consent. It was no part of the complaint to negative service of process upon the defendant. If the judgment complained of could or should have been by default, this was defensive matter. I do not say that it would be a defense to alleged service and default; but if it would be a defense, it should be set up by a plea. A plaintiff is never required, in his

complaint or declaration, to negative every possible special defense. This is the effect of the holding of the Court of Appeals, as to one special defense. I hold that on this hearing it is unnecessary, if not improper, for us to decide whether it would be a defense to the complaint to allege service and failure to appear, which would have justified a judgment by default. It follows, in my individual view, that the Court of Appeals erred in reversing the judgment of the circuit court on the demurrer.

There is quite a difference between the effect of a judgment by default in a justice court and that of a judgment by consent, though the amount, or the res, of the judgments be the same. If the judgment be by default, the defendant can appeal and have a trial de novo; if the judgment be by consent, no appeal will lie, or, if taken, it would be of no avail.

Certiorari denied.

ANDERSON, C. J., and McCELLAN, SAYRE, SOMERVILLE, DE GRAFFENRIED, and GARDNER, JJ., concur. MAYFIELD, J., dissents.