## TUMPSON v. CITY OF NORTH MIAMI

Case No. 82-230-AP

Eleventh Judicial Circuit, Appellate Division, Dade County

August 1, 1983

### APPEARANCES OF COUNSEL

**Barry M. Tumpson,** pro se, for appellant.

**Simon, Schindler & Hurst** for appellee.

Before HENDERSON, NEWMAN, SHAPIRO, JJ.

### OPINION OF THE COURT

PER CURIAM.

We are asked to review an Order of the Code Enforcement Board of the City of North Miami entered on August 17, 1982, which Order found Appellant Tumpson guilty of violating Article VI, Section 3–

16(j) of the sign ordinance of said City. More specifically, Appellant was found to have unlawfully placed a portable sign, a mannequin, outside his place of business, on a city sidewalk. The Order required Appellant to remove the sign by 9:00 A.M. on August 20, 1982, and imposed a fine of $25.00 per day should Appellant fail to comply.

Appellant argues multiple issues which he urges require reversal of the Code Enforcement Board Order. For the reasons set forth herein, we need only address one.

Tumpson argues he was denied due process which negates the Board's Order. He contends the notice of the hearing conducted before toe Board was defective. Consequently, the entire proceeding fails. His contention is in error.

Tumpson admits he had *actual* notice of the hearing conducted by the Code Enforcement Board on August 17, 1982. In fact, he admits he was present outside the hearing room but refused to enter. He listened to the entire proceeding over a public address system in the outside room. He was never precluded from participating in the proceeding but instead, voluntarily chose to avoid participation. He did not appear and contest the Board's jurisdiction nor did he submit defenses in writing.

In *State ex rel Munch v. Davis,* 196 So. 491, 493 (Fla. 1940), The Florida Supreme Court stated that due process is satisfied by timely and sufficient notice of proceedings with an adequate hearing being provided. No matter what its character, a notice is sufficient if it *actually* results in bringing the party to the hearing in due time to protect his interests. In the case *sub judice,* notice of the August 17, 1982, hearing was posted on the door of Appellant's establishment. In addition, a notice was mailed to Appellant. Somehow, Appellant became aware of the proceedings as evidenced by his attendance. His non-participation was of his own doing. Notice was somehow effectuated. See *Farish v. Smoot,* 58 So.2d 534 (Fla. 1952). Appellant was afforded all process due him but failed to utilize same. The Board had jurisdiction to proceed.

The other points raised by Appellant could have and should have been raised at the Code Enforcement Board Hearing. Appellant should have appeared before the Board, contested its jurisdiction, and presented his defenses. He would not have waived the jurisdictional issue by his appearance. See *State ex rel Eli Lilly & Co. v. Schields,* 83 So.2d 271 (Fla. 1955). His non-appearance has in fact acted as a waiver. His failure to raise the jurisdictional issue until after the Order was entered precludes his current attack. *Fraterrigo v. Fraterrigo,* 18 So.2d 539 (Fla. 1944).

56

The Order of the Code Enforcement Board is affirmed.